IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIVE NATION MERCHANDISE, INC., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:18-cv-1868 |
| vs. | § § § | |
| JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY, | § § § | |
| Defendants. | § § | |

**PLAINTIFF'S COMPLAINT FOR**
**TRADEMARK INFRINGEMENT AND LANHAM ACT VIOLATIONS**

Plaintiff, Live Nation Merchandise, Inc., by its attorneys, files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

**PARTIES**

2. Live Nation Merchandise, Inc. ("Plaintiff") is a Delaware corporation with its principal place of business in San Francisco, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at

this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants and XYZ Company through its agents, servants and employees, will be present in and about the Southern District of Texas, Houston Division in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, act in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including but not limited to T-shirts, jerseys, sweatshirts, hats, buttons, posters and tour books, (collectively "Merchandise") which contain the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. The "**EAGLES**" (the "Group") is the trademark used by this Group of the same name in connection with their performing, recording, merchandising and other related goods and services in all aspects of the entertainment industry and to distinguish them from all other such groups. The Group has used their marks in connection with their goods and services for over 30 years.

8. The Group has obtained Federal Registrations for their **EAGLES** trademark: Federal Registration No. 2161179 for use in connection with International Class

("IC") 25 for clothing, namely for T-Shirts, shorts, hats, visors, jerseys, sweatshirts, tank tops, jackets and caps; Federal Registration No. 1995216 for use in connection with IC 16 for paper goods and printed matter concerning a musical group; Federal Registration No. 1944201 for use in connection with IC 41 for entertainment services provided by a musical group; Federal Registration Number 1960044 for use in connection with IC 9 musical sound recordings; and Federal Registration No. 1947779 for use in connection with IC 9 video cassettes and laser discs featuring musical performances  These marks are incontestable. The Group also has for its HOTEL CALIFORNIA trademark Federal Registration No. 5472692 for use in connection with IC 025 t-shirts, sweatshirts, and bathrobes; IC 016 for posters; IC 014 for key chains; IC 015 for guitar pick; and IC 028 for playing cards.

9. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses, logos and other indicia of the Group (collectively, the "Group's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Group's United States tour (the "Tour").

10. The Group has used the Group's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish their marks from those of others by, among other things, prominently displaying the Group's Trademarks on the Authorized Tour Merchandise (such as T-shirts and other apparel).

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at

major arenas and stadiums in the United States, and has been seen and heard in concert by millions of popular music enthusiasts.

12. As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of Authorized Tour Merchandise. Plaintiff and the Group annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Group's Trademarks.

13. On Friday, June 15, 2018 at Minute Maid Park in Houston, Texas, the Group will perform (the "Concert") and thereafter throughout the United States. Authorized Tour Merchandise bearing any or all of the Group's Trademarks will be sold throughout the United States in connection with the Tour, including at the Concert. The Group is very popular, so many performances on this Tour are sold out or nearly sold out.

## DEFENDANTS' UNLAWFUL CONDUCT

14. Defendants will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Infringing Merchandise") in the vicinity of the Concert, before, during and after the Concert and at subsequent concerts during the Tour.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Authorized Tour Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Group or Plaintiff. The Infringing Merchandise sold by Defendants is generally of inferior quality.

16. The manufacture, distribution and sale of Infringing Merchandise is likely to injure the reputation of the Group which has developed by virtue of their public

performances and the reputation for high quality associated with Plaintiff and its Authorized Tour Merchandise.

17. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale and distribution of such Infringing Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true. It also injures the Group and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

18. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing the any or all of the Group's Trademarks constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants and others of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

19. Upon information and belief, Defendants and others have and will continue to engage in such infringing activities in this State and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

20. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

### **FIRST CLAIM FOR RELIEF**
**(Infringement of Registered Trademarks)**

21. Plaintiff realleges each allegation set forth in the paragraphs above.

22. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered marks.

### SECOND CLAIM FOR RELIEF
### (Violation of the Lanham Act)

23. Plaintiff realleges each allegation set forth in the paragraphs above.

24. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, Live Nation Merchandise, Inc., seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the trademarks, service marks, likenesses, logos and other indicia of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.	As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell, distribute or hold for sale at within or in the vicinity of the Group's concerts on the Tour, including whether this occurs before, during or after the concerts.

C.	That Defendants deliver up for destruction any and all Infringing Merchandise.

D.	As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E.	As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: June 7, 2018		Respectfully Submitted,

By: /s/ Cara R. Burns
Cara R. Burns, Esq.
Attorney-In-Charge
State Bar No. (CA) 137557
Southern District of Texas Bar No. 111129
Hicks, Mims, Kaplan & Burns
2800  28th Street, Ste 383
Santa Monica, California 90405
Tel: (310) 314-1721/Fax: (310) 314-1725